IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS WHITE, § § | |
| Plaintiff, § § | |
| v. § § | |
| SOFTLAYER TECHNOLOGIES, INC., § THEPLANET.COM INTERNET § SERVICES, INC., SOFTLAYER § HOLDINGS, INC., GI PARTNERS L.P., § AND INTERNATIONAL BUSINESS § MACHINES CORPORATION § § | CIV. A. NO. 3:15-cv-00527-M |
| Defendants. § | |

**DEFENDANTS SOFTLAYER TECHNOLOGIES, INC., SOFTLAYER HOLDINGS, INC., AND INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO <u>PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND</u>**

Defendants SoftLayer Technologies, Inc. ("SoftLayer"), SoftLayer Holdings, Inc. ("SoftLayer Holdings"), and International Business Machines Corporation ("IBM") (collectively, "the IBM Defendants") file their Answer and Affirmative Defenses to Plaintiff Carlos White's ("Plaintiff" or "White") Original Complaint and Jury Demand ("Complaint") and state as follows:

<u>ANSWER</u>

1.     Answering paragraph 1 of the Complaint, the IBM Defendants admit only that Plaintiff is African-American and worked as an in-house lawyer for SoftLayer. The IBM Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.     Answering paragraph 2 of the Complaint, the IBM Defendants contest that this Court has subject matter jurisdiction over this action by virtue of a valid and enforceable arbitration agreement between Plaintiff and SoftLayer that covers all claims against all IBM

Defendants. Further answering, the IBM Defendants intend to promptly file a Motion to Compel Arbitration and Dismiss Plaintiff's Claims, or, in the Alternative, Stay the Proceedings based on an enforceable arbitration agreement that Plaintiff signed in which he agreed to submit all of his employment-related claims to binding arbitration. The IBM Defendants seek to enforce Plaintiff's arbitration agreement and are in no way waiving their right to do so.

3. Answering paragraph 3 of the Complaint, the IBM Defendants admit that SoftLayer is located in Dallas, Texas, and that Plaintiff worked at its facility in Dallas, Texas. The IBM Defendants admit that IBM and SoftLayer Holdings are authorized to do business in Dallas, Texas. The IBM Defendants admit that IBM is an American multinational technology and consulting corporation with headquarters in Armonk, New York and that it does business in this judicial district. The IBM Defendants deny that venue is proper in this district and division by virtue of a valid and enforceable arbitration agreement between Plaintiff and SoftLayer that fixes venue in an arbitral forum.

4. Answering paragraph 4 of the Complaint, the IBM Defendants admit that Plaintiff is African-American. The IBM Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4 of the Complaint, and, therefore, deny these allegations.

5. Answering paragraph 5 of the Complaint, the IBM Defendants admit that SoftLayer is a corporation registered to do business in Texas and that it can be served with process through CT Corporation System. The IBM Defendants deny that SoftLayer Holdings can be served with process through CSC-Lawyers Incorporating Service Company in Austin and that SoftLayer's principal office is located at 4849 Alpha Road, Dallas, TX 75115. The IBM Defendants admit that IBM can be served with process through CT Corporation System in

Dallas.  The IBM Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the Complaint, and, therefore, deny these allegations.

6.     Answering paragraph 6 of the Complaint, the IBM Defendants admit that SoftLayer is a dedicated server, managed hosting and cloud computing provider, headquartered in Dallas, Texas and that it was founded in 2005.  The IBM Defendants further admit that GI Partners acquired SoftLayer in 2010 and merged it with ThePlanet.com Services, Inc.  The IBM Defendants further admit that in 2013, GI Partners sold SoftLayer and its affiliated companies, including SoftLayer Holdings, to IBM.  The IBM Defendants admit that SoftLayer and IBM employ over 500 people and have employed more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.  The IBM Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.     Answering paragraph 7 of the Complaint, the IBM Defendants admit that SoftLayer and IBM are employers within the meaning of 42 U.S.C. § 2000-e(b).  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether GI Partners is an employer within the meaning of 42 U.S.C. § 2000-e(b) and, therefore, denies this allegation.  The IBM Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8.     Answering paragraph 8 of the Complaint, the IBM Defendants admit that Plaintiff is a black male, licensed attorney who attended an Ivy League school and worked for SoftLayer from February 2010 until September 2012, and was the first Assistant General Counsel hired by SoftLayer.  The IBM Defendants deny the remaining allegations in paragraph 8 of the Complaint.

DLI-266526668v3

9.      Answering paragraph 9 of the Complaint, the IBM Defendants are without knowledge or information sufficient to form a belief regarding when Plaintiff discovered the document that is attached as Attachment A to Plaintiff's Complaint. The IBM Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.     Answering paragraph 10 of the Complaint, the IBM Defendants are without knowledge or information sufficient to form a belief as to whether Suzy Fulton nominated Plaintiff to be considered by D Magazine for his work as corporate counsel for SoftLayer, and, therefore, denies this allegation. Further answering, the IBM Defendants admit only that Plaintiff played a role, as in-house counsel, in SoftLayer's record retention program and customer agreements. The IBM Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11.     Answering paragraph 11 of the Complaint, the IBM Defendants admit that the majority of SoftLayer's legal work entailed corporate and commercial law issues and that Brenk Johnson started working as Assistant General Counsel at SoftLayer approximately 4 months after SoftLayer's merger with ThePlanet.com Internet Services Inc. ("ThePlanet"). The IBM Defendants further admit that Johnson initially had an office next to Plaintiff's, but was moved. The IBM Defendants further admit that SoftLayer offered stock options to Johnson and White, along with other employees regardless of their race, in February 2012. The IBM Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.     Answering paragraph 12 of the Complaint, the IBM Defendants admit that Johnson's office was larger in size than Plaintiff's office. The IBM Defendants deny the remaining allegations in paragraph 12 of the Complaint.

DLI-266526668v3

13.     Answering paragraph 13 of the Complaint, the IBM Defendants deny that in 2010 Crosby provided vested stock options to high-level employees but failed to provide those options to White, who was similarly situated, and denies that Crosby discriminated against White in terms of stock options on the basis of his race.  Further answering, the IBM Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13 of the Complaint, and, therefore, deny these allegations.

14.     Answering paragraph 14 of the Complaint, the IBM Defendants admit only that Plaintiff raised the issue of affirmative action plans ("AAPs") in a conversation with SoftLayer's Chief Executive Officer requesting that he create the position of Chief Diversity Officer and appoint Plaintiff to that position.  Further answering, the IBM Defendants deny that SoftLayer publicly disclosed itself as a federal contract awardee in press releases.  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff was surprised to learn that SoftLayer did not have any AAPs in place and that Plaintiff assumed that SoftLayer's Human Resources and Johnson were willing and able to implement AAPs and, therefore, denies these allegations.  The IBM Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15.     Answering paragraph 15 of the Complaint, the IBM Defendants admit that Crosby met with Johnson.  The IBM Defendants are without knowledge or information sufficient to form a belief as to an alleged conversation between "an adviser to Crosby" and Plaintiff, and as to Plaintiff's assumptions, and, on that basis, denies these allegations.  The IBM Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.     Answering paragraph 16 of the Complaint, the IBM Defendants admit that SoftLayer did not adopt AAPs.  The IBM Defendants further admit that a civil rights

DLI-266526668v3

organization protested SoftLayer's hosting of a white supremacist website, but denies that SoftLayer did not follow its Acceptably Use Policy.  The IBM Defendants further admit that Fulton proposed that SoftLayer make MLK Day a company holiday, but denies that SoftLayer had "image problems."  The IBM Defendants further admit that SoftLayer denied the request to make MLK Day a company holiday.  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff sent SoftLayer multiple correspondences from November 2011 to January 2012 regarding AAPs and as to what Fulton told Plaintiff, and, therefore, denies these allegations.  The IBM Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Answering paragraph 17 of the Complaint, the IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff requested that SoftLayer join the DFW Supplier Diversity Counsel, and, therefore, denies, these allegations.  The IBM Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Answering paragraph 18 of the Complaint, the IBM Defendants admit that SoftLayer hired Walter Berger as Chief Financial Officer and that he is a white male.  The IBM Defendants further admit that Fulton resigned from SoftLayer in 2012.  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff sought to meet with Crosby to discuss the operation of the legal department in light of personnel changes and, on that basis, denies these allegations.  The IBM Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Answering paragraph 19 of the Complaint, the IBM Defendants admit only that Berger appointed Johnson, who had 19 years of legal experience as opposed to Plaintiff's 8 years of legal experience, as SoftLayer's acting General Counsel until SoftLayer filled the position and

DLI-266526668v3

that Plaintiff asked to be considered for the open General Counsel position. The IBM Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, the IBM Defendants admit that Berger held monthly meetings with his direct reports. The IBM Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, the IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff organized a meeting with outside counsel for SoftLayer concerning the issue of whether SoftLayer would be in violation of civil rights laws, and, therefore, denies these allegations. The IBM Defendants admit that Plaintiff asked to be permitted to serve as SoftLayer's Chief Diversity Officer or Legal Compliance Officer, and that SoftLayer denied this request. The IBM Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, the IBM Defendants admit that Plaintiff performed duties as Assistant General Counsel and raised an issue regarding AAPs. The IBM Defendants admit that SoftLayer gave Johnson more corporate work duties after Fulton left and the company distributed her work to Johnson and Plaintiff. The IBM Defendants further admit that Plaintiff asked Berger for a performance evaluation, the opportunity to apply for the General Counsel position, and a merit-based bonus. The IBM Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Answering paragraph 23 of the Complaint, the IBM Defendants admit that Berger instructed Plaintiff to present certain issues to Johnson (as interim General Counsel) or outside counsel before reporting them to Berger. The IBM Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24.     Answering paragraph 24 of the Complaint, the IBM Defendants admit that in or about July 2012, Gary Kinman, a white male who was Vice President of Finance for SoftLayer, announced his resignation.  The IBM Defendants further admit that Berger offered Kinman an opportunity to withdraw his resignation any time up to the last day of his employment with SoftLayer.  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether Berger stated at a weekly meeting that any of his reports would have such an opportunity, and, on that basis, denies these allegations.

25.     Answering paragraph 25 of the Complaint, the IBM Defendants admit that Crosby met with Plaintiff regarding the possibility of hiring a contract lawyer to assist with corporate and commercial matters.  The IBM Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Answering paragraph 26 of the Complaint, the IBM Defendants admit that Plaintiff announced his resignation from SoftLayer in August 2012.  The IBM Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27.     Answering paragraph 27 of the Complaint, the IBM Defendants deny the allegations contained therein.

28.     Answering paragraph 28 of the Complaint, the IBM Defendants admit that White did not submit a resignation letter.  The IBM Defendants deny the remaining allegations in paragraph 28.

29.     Answering paragraph 29 of the Complaint, the IBM Defendants deny the allegations therein.

30.     Answering paragraph 30 of the Complaint, the IBM Defendants admit the allegations therein.

31.     Answering paragraph 31 of the Complaint, the IBM Defendants admit that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") but deny that it was filed on August 5, 2013.  The IBM Defendants admit that the notice of right to sue letter from the EEOC was dated November 17, 2014.  The IBM Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff received the notice of right to sue letter from the EEOC on November 18, 2014 and, therefore, deny these allegations.  The IBM Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, the IBM Defendants incorporate by reference their responses to Paragraphs 1 through 31 as though restated herein.

33.     Answering paragraph 33 of the Complaint, the IBM Defendants deny the allegations contained therein.

34.     Answering paragraph 34 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

35.     Answering paragraph 35 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

36.     Answering paragraph 36 of the Complaint, the IBM Defendants admit only that Plaintiff purports to seek reasonable attorneys' fees and cost in this matter, but deny the remaining allegations in paragraph 36 of the Complaint and further deny that Plaintiff is entitled to any relief or damages whatsoever.

DLI-266526668v3

37. Answering paragraph 37 of the Complaint, the IBM Defendants incorporate by reference their responses to Paragraphs 1 through 36 as though restated herein.

38. Answering paragraph 38 of the Complaint, the IBM Defendants deny the allegations contained therein.

39. Answering paragraph 39 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

40. Answering paragraph 40 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

41. Answering paragraph 41 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

42. Answering paragraph 42 of the Complaint, the IBM Defendants deny the allegations contained therein and further deny that Plaintiff is entitled to any relief or damages whatsoever.

43. Answering paragraph 43 of the Complaint, the IBM Defendants admit that Plaintiff purports to demand a jury trial on all issues, claims, actions, and defenses against the IBM Defendants, but deny that Plaintiff is entitled to any relief or damages whatsoever.

44. To the extent any response to the "Wherefore" paragraph under the heading "Prayer" is required, the IBM Defendants deny that Plaintiff is entitled to the relief requested or any other relief whatsoever.

DLI-266526668v3

45. The IBM Defendants deny each and every allegation set forth in the Complaint that is not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Subject to and without waiving the foregoing, the IBM Defendants assert the following affirmative defenses:

1. In Plaintiff's Employment Agreement with SoftLayer dated February 15, 2010, Plaintiff agreed to submit all of his employment related-claims, including all claims he has asserted in this lawsuit, to binding arbitration. Thus, this lawsuit should be dismissed, or in the alternative, stayed pending binding arbitration pursuant to Plaintiff's Employment Agreement.

2. Plaintiff's claim for punitive or exemplary damages is barred on the grounds that SoftLayer's actions were not undertaken with malice, reckless indifference, or gross negligence to Plaintiff's protected rights; the IBM Defendants did not authorize or ratify any such act; and, at all times, endeavored in good faith to comply with the provisions of applicable law.

3. Plaintiff's claim for punitive damages violates the IBM Defendants' rights to procedural and substantive due process secured by both federal and state constitutions.

4. Plaintiff's claim for damages is limited by 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981a, *et seq.*, and/or any other statutory caps applicable thereto.

5. Plaintiff's claims for damages are barred to the extent they are speculative.

6. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or are otherwise untimely.

7. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust administrative remedies and/or satisfy jurisdictional requirements.

8. Plaintiff is not entitled to relief under Title VII of the Civil Rights Act, as amended, for any alleged discrimination or retaliation based on decisions, events, or conduct that occurred more than 300 days prior to the filing of his charge of discrimination with the TWC and/or EEOC, or for any alleged discrimination that was not included in the charge or that could reasonably be expected to grow out of the charge. In the alternative, such claims are barred, in whole or in part, on the grounds that this Court lacks subject matter jurisdiction

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

10. All of the employment decisions with respect to Plaintiff were based upon legitimate, nondiscriminatory business reasons, were wholly unrelated to Plaintiff's race, and were not pretexts for discrimination or retaliation. The IBM Defendants expressly deny that any impermissible factor played any role in the employment decisions made and/or actions taken regarding Plaintiff.

11. The IBM Defendants have and have had, at all relevant times, internal policies that set forth the procedure to be followed if an employee believes he or she has been harassed or discriminated or retaliated against and the IBM Defendants provided other opportunities to prevent or correct such conduct. To the extent Plaintiff failed to utilize such procedures, Plaintiff's claims are barred.

12. Plaintiff's claims are barred because the IBM Defendants exercised reasonable care to prevent and promptly correct any alleged unlawful conduct, and to the extent Plaintiff was obligated to do so, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities or to avoid harm otherwise.

DLI-266526668v3

13. Plaintiff's claims are barred, in whole or in part, on grounds that a good faith effort to prevent discrimination in the workplace was made by Plaintiff's employer.

14. Plaintiff's retaliation claims are barred on the ground that he did not engage in any protected activity.

15. Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

16. Any amount due to Plaintiff should be set off by payments he received from the IBM Defendants.

17. To the extent Plaintiff brings a mixed motive claim, such claim is barred by 42 U.S.C. § 1981.

18. Plaintiff is barred from, and has waived, any recovery for any alleged physical injury and/or mental and/or emotional damages, or any other injury or damage, to the extent that he has failed to pursue and exhaust her administrative remedies, if any, under the Texas Workers' Compensation Act.

19. To the extent Plaintiff has failed in whole, or in part, to comply with his legal duty to mitigate or reasonably attempt to mitigate her damages, his entitlement to damages is expressly denied.

20. To the extent Plaintiff seeks any equitable relief, Plaintiff is not entitled to a trial by jury on those claims.

The IBM Defendants reserve the right to assert and rely on such other defenses that may become known, available or apparent during the course of discovery or at trial, including those that arise out of subsequently published controlling or persuasive legal authority.

WHEREFORE, the IBM Defendants deny that Plaintiff is entitled to any relief requested in the Complaint. Accordingly, the IBM Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs and fees, and grant such other and further relief as the Court deems just and proper.

Dated: May 4, 2015　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Brian Jorgensen　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Brian M. Jorgensen
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24012930
　　　　　　　　　　　　　　　　　　　　　　Natalia O. Delaune
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24074831
　　　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　　　2727 North Harwood Street
　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75201
　　　　　　　　　　　　　　　　　　　　　　(214) 969-3741 – Telephone
　　　　　　　　　　　　　　　　　　　　　　(214) 969-5100 – Facsimile
　　　　　　　　　　　　　　　　　　　　　　E-mail: bmjorgensen@jonesday.com
　　　　　　　　　　　　　　　　　　　　　　E-mail: ndelaune@jonesday.com

　　　　　　　　　　　　　　　　　　　　　　***Attorneys for IBM Defendants***

- 15 -

## CERTIFICATE OF SERVICE

On May 4, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>Hal K. Gillespie
>James D. Sanford
>GILLESPIE SANFORD, LLP
>4925 Greenville Ave, Suite 200
>Dallas, Texas 75206
>Tel:   214-800-5113
>Fax:   214-838-0001
>hkg@gillespiesanford.com
>jim@gillespiesanford.com

>*/s/ Brian Jorgensen*
>Brian M. Jorgensen